T.C. Memo. 2017-216

UNITED STATES TAX COURT

ZHONGXIA YE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23538-13.                         Filed November 6, 2017.

<u>Stuart H. Clements</u>, <u>Adrian Ochoa</u>, <u>Rita Renee Huey</u>, <u>Jaime Vasquez</u>, and

<u>Juan F. Vasquez, Jr.</u>, for petitioner.

<u>Bryan J. Dotson</u> and <u>Sheila R. Pattison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal

income tax for tax years 2008 and 2009 of $18,275 and $11,750, respectively.

The issues for decision are:  (1) whether petitioner was a resident of the United

States for tax purposes for tax years 2008 and 2009 and (2) whether the wages

[*2] paid to petitioner as an assistant professor at Kennesaw State University (KSU) during tax years 2008 and 2009 are exempt from tax under article 19[1] of the Agreement for the Avoidance of Double Taxation and the Prevention of Tax Evasion with Respect to Taxes on Income, China-U.S., Apr. 30, 1984, T.I.A.S. No. 12,065 (Agreement).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Georgia when the petition was timely filed.

I.    Petitioner's Personal History

Petitioner was born in the People's Republic of China (China) and at all relevant times was a citizen of China.

From 1989 through 1996 petitioner attended Southwestern University of Finance and Economics in Chengdu, China, where she obtained her bachelor's degree in auditing and her master's degree in international accounting. From 1996

---

[1]Unless otherwise indicated, all article references are to the Agreement for the Avoidance of Double Taxation and the Prevention of Tax Evasion with Respect to Taxes on Income, China-U.S., Apr. 30, 1984, T.I.A.S. No. 12,065, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[*3]** through 1999 petitioner worked as a certified public accountant (C.P.A.) for a private firm in China. From 1999 through 2001 petitioner worked as an auditor for a state-owned company in China. From 1996 through 2001 petitioner paid income tax to China.

II.     Petitioner's Move to the United States

Petitioner's career goal was to become a college professor. In order to achieve that goal, petitioner thought she needed to obtain a doctor of philosophy degree (Ph. D.). On September 3, 2001, petitioner entered the United States on an F-1 visa to pursue a Ph. D. in business administration with a concentration in accounting at Temple University.[2]

Since petitioner's arrival in 2001, she has left the United States only twice. On December 16, 2004, petitioner left the United States to visit her family in China. Petitioner returned from that trip approximately one month later. On December 8, 2005, petitioner left the United States to take part in an academic presentation in Canada. Petitioner returned from that trip approximately three days later.

---

[2]From petitioner's arrival in the United States through August 15, 2006, petitioner remained in the United States on an F-1 visa, completing her studies at Temple University.

[*4] III.     Petitioner's Teaching Career at Kennesaw State University

In 2006 during petitioner's final year at Temple University,[3] she applied for teaching positions in the United States, Canada, and Hong Kong. Petitioner received three job offers, all of which were extended by universities in the United States.

On April 26, 2006, petitioner accepted a permanent, full-time, nine-month employment year, tenure track position as an assistant professor of accounting in the Department of Accounting, Michael J. Coles College of Business (assistant professor) at KSU, effective August 14, 2006. KSU's offer letter stated in pertinent part:

> Kennesaw State University will initiate on your behalf a petition for an H1B visa. Obtaining a proper visa can take several months and there is no guarantee that one will be granted by our government. We will facilitate the process on our end as much as we can, and trust that you will do likewise. However, your employment at this institution will be contingent upon your having an appropriate status with USCIS.[4]

---

[3]On August 25, 2006, Temple University conferred on petitioner a Ph. D. in business administration with a concentration in accounting.

[4]From August 14, 2006, through August 11, 2011, petitioner remained in the United States on an H-1B visa, permitting her to work as an assistant professor at KSU.

**[*5]** In March 2007, the chair of KSU's Department of Accounting (department chair) evaluated petitioner's overall performance for 2006 as "At Expectations". In June 2007 KSU renewed petitioner's annual employment contract for the 2007-08 academic year, which started on August 9, 2007, and ended on May 12, 2008.

On August 16, 2007, petitioner submitted to the United States Citizenship and Immigration Services (USCIS) Form I-485, Application to Register Permanent Residence or Adjust Status, to apply for permanent residency. On that same day, KSU sent to the USCIS an employment verification letter on behalf of petitioner. That letter stated in pertinent part: "Her employment will be on an ongoing basis pending approval of her permanent residency."[5]

In March 2008 the department chair evaluated petitioner's overall performance for 2007 as "Meets Expectations". In June 2008 KSU renewed petitioner's annual employment contract for the 2008-09 academic year, which started on August 11, 2008, and ended on May 15, 2009. In November 2008, the department chair sent petitioner a letter stating in pertinent part:

> [Y]ou have made appropriate progress in your first years at KSU, and you are already a valued colleague in the School. I encourage you to continue the improvements you already have demonstrated in

---

[5]On August 12, 2011, the USCIS approved petitioner's Form I-485, granting her request for permanent residency.

**[*6]** teaching and service and to maintain your excellent record in scholarship as you progress toward tenure.

In June 2009 the department chair evaluated petitioner's overall performance for 2008 as "Meets Expectations". That same month, KSU renewed petitioner's annual employment contract for the 2009-10 academic year, which started on August 10, 2009, and ended on May 14, 2010.

In August 2010 the director of KSU's School of Accountancy evaluated petitioner's overall performance for 2009 at "At Expectations".

IV.     Petitioner's Returns for Tax Years 2008 and 2009

Since petitioner's arrival in 2001, she has not filed an income tax return for China nor paid tax to China.

In 2008 petitioner earned wages of $94,747 from working as an assistant professor at KSU. Petitioner hired a C.P.A. to prepare her 2008 Form 1040NR, U.S. Nonresident Alien Income Tax Return (return). In that return, petitioner claimed her wages of $94,747 were "income exempt by a treaty". A Form 8833, Treaty-Based Return Position Disclosure Under Section 6114 or 7701(b), attached to petitioner's 2008 return states in pertinent part:

> Taxpayer is hired as an assistant professor by the Kennesaw State University (a public state university of Georgia) primarily to teach, lecture and conduct research on August 14, 2006 on a H1B1 visa status.

[*7]    For the year ending December 31, 2008, taxpayer wished to claim exemption from U.S. income tax on remuneration for teaching, lecturing and research totaling $94,747 under Article 19 of the United States - People's Republic of China Tax Treaty.

In her 2008 return, petitioner reported that she was physically present in the United States for more than 183 days in 2008.  On March 12, 2009, petitioner signed her 2008 return, which reported a refund due of $20,140.

In 2009 petitioner earned wages of $96,483 from working as an assistant professor at KSU.  Petitioner hired the C.P.A. who had prepared her 2008 return to prepare her 2009 return.  In that return petitioner claimed that $48,098 of her wages was "income exempt by a treaty".  A Form 8833 attached to petitioner's 2009 return states in pertinent part:

> Taxpayer is hired as an assistant professor by the Kennesaw State University (a public state university of Georgia) primarily to teach, lecture and conduct research on August 14, 2006 on a H1B1 visa status.

> For the year ending December 31, 2009, taxpayer wished to claim exemption from U.S. income tax on remuneration for teaching, lecturing and research totaling $48,098 under Article 19 of the United States - People's Republic of China Tax Treaty.  (For remuneration from January 1 to May 31, 2009).

In her 2009 return petitioner reported that she was physically present in the United States for more than 183 days in 2009.  On March 11, 2010, petitioner signed her 2009 return, which reported a refund due of $13,019.

**[*8]** For each of the tax years 2008 and 2009, petitioner filed Form 9210, Alien Status Questionnaire, and Form 9250, Questionnaire - Tax Treaty Benefits, in which she stated that she intended to stay in the United States "until my employment contract is not renewed".

On July 18, 2013, respondent mailed to petitioner a notice of deficiency (notice) for tax year 2008 and a notice for tax year 2009. In those respective notices respondent determined that (1) petitioner was a resident alien of the United States for tax years 2008 and 2009 and (2) the wages she earned as an assistant professor at KSU during tax years 2008 and 2009 were not exempt from tax under article 19 of the Agreement.

## OPINION

The Commissioner's determinations in a notice are generally presumed correct, and the taxpayer ordinarily bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## I.    Resident and Nonresident Alien Status

We first address whether petitioner was a resident of the United States for tax purposes for tax years 2008 and 2009.

[*9] An alien individual is treated as a resident of the United States with respect to any calendar year if the individual: (1) is a lawful permanent resident of the United States at any time during the calendar year; (2) meets a substantial presence test; or (3) makes a first-year election to be treated as a resident of the United States. Sec. 7701(b)(1). There is no evidence that petitioner was lawfully admitted for permanent residence in the United States at any time in 2008 or 2009 or that she made an election to be treated as a U.S. resident. Accordingly, petitioner will be treated as a resident alien only if she meets the substantial presence test provided in section 7701(b)(3).

The substantial presence test is an objective test: "[A]n individual meets the substantial presence test * * * if * * * such individual was present in the United States on at least 31 days during the calendar year", and for at least 183 days during the calendar year and the two preceding calendar years, calculated pursuant to a weighted formula. Sec. 7701(b)(3)(A); see Luján v. Commissioner, T.C. Memo. 2000-365, slip op. at 9; sec. 301.7701(b)-1(c)(1), Proced. & Admin. Regs. An individual is treated as present in the United States on any day that the individual is physically present in the United States at any time during the day. Sec. 7701(b)(7)(A). While an individual may be treated as "not" being in the United States for any day where the individual is considered exempt, such as a

**[*10]** teacher who is temporarily present in the United States pursuant to a J or Q visa, such an exception does not apply here, where petitioner held an H-1B visa in 2008 and 2009.  See sec. 7701(b)(3)(D)(i), (5)(A)(ii), (C).

Respondent argues that petitioner was a resident alien under the substantial presence test for tax years 2008 and 2009.

In her 2008 return and 2009 return petitioner reported that she was physically present in the United States for more than 183 days in each tax year 2008 and 2009.  At trial petitioner did not address this issue with the Court.

On the record before us, we find that petitioner meets the substantial presence test for tax years 2008 and 2009.  On that record, we find that petitioner was resident of the United States for tax purposes for those tax years.[6]

---

[6]The saving clause in this Agreement states:

Notwithstanding any provision of the Agreement, the United States may tax its citizens.  Except as provided in paragraph 2 of Article 8, paragraph 2 of Article 17, and Articles 18, 19, 20, 22, 23, 23, 24 and 26 of this Agreement, the United States may tax its residents (as determined under Article 4).

Therefore, despite the fact that petitioner is a resident of the United States for tax purposes for tax years 2008 and 2009, if petitioner meets the requirements of article 19, then she is exempt from tax under that article of the Agreement.

**[\*11]** II.     The United States-China Income Tax Agreement

We next address whether the wages paid to petitioner as an assistant professor at KSU during tax years 2008 and 2009 were exempt from tax under article 19 of the Agreement.

When a treaty is interpreted, its words are construed according to their ordinary meaning.  Amaral v. Commissioner, 90 T.C. 802, 812 (1988); see Sumitomo Shoji Am., Inc. v. Avagliano, 457 U.S. 176, 180 (1982).  Where the Code provides for the taxation of income, "[w]hatever basis there may be * * * for relieving * * * [such] tax must be found in the words or implications of the * * * [treaty]."  Maximov v. United States, 373 U.S. 49, 51 (1963).  While neither a treaty nor U.S. revenue laws have preferential status, the Code's provisions nonetheless are to be applied with due regard to germane tax treaty provisions.  Secs. 894, 7852(d)(1); see Amaral v. Commissioner, 90 T.C. at 812.

Article 19 of the Agreement, entitled "Teachers, Professors, and Researchers", provides:

> An individual who is, or immediately before visiting a Contracting State was, a resident of the other Contracting State and is temporarily present in the first-mentioned Contracting State for the primary purpose of teaching, giving lectures, or conducting research at a university, college, school or other accredited educational institution or scientific research institution in the first mentioned Contracting State shall be exempt from tax in the first mentioned Contracting

**[\*12]** State for a period not exceeding three years in the aggregate in respect of remuneration for such teaching, lectures, or research.

By its terms, the exemption in article 19 is available only for persons who are "temporarily present" in the United States.

Petitioner contends that the wages she earned as an assistant professor at KSU during tax years 2008 and 2009 are exempt from tax under article 19 of the Agreement because at the time she filed her 2008 return and 2009 return, she was temporarily present in the United States as a variety of contingencies could have resulted in her returning to China. Respondent counters that petitioner was not temporarily present in the United States at the time she filed her 2008 return and 2009 return because the occurrence of those contingencies was too remote.

The record in this case shows that petitioner did not have any plans to move out of the United States. See Zhang v. Commissioner, T.C. Memo. 2011-118, slip op. at 14. In 2001 petitioner moved to the United States to achieve her career goal of becoming a college professor. Since then, petitioner has left the country only twice--once in 2004 for approximately 30 days, and once in 2005 for approximately 3 days. In 2006 petitioner achieved her career goal when she accepted a permanent, full-time, nine-month employment year, tenure track position as an assistant professor at KSU. In 2007 petitioner submitted to the

**[\*13]** USCIS her application for permanent residency, indicating her intent to stay in the country.[7]  In short nothing in the record suggests petitioner had any plans to move out of the United States.

With respect to petitioner's contention that various contingencies, including her employment status at KSU, would affect her presence in the United States, there is nothing in the record before us that suggests she or the university intended or considered her employment to be temporary.  See id.  Petitioner was in a tenure track position.  KSU had evaluated her performance for 2006, 2007, 2008, and 2009, as "At Expectations" or "Meets Expectations".  KSU renewed her employment contract in 2007, 2008, and 2009.  Finally, in 2009, the department chair sent petitioner a letter stating that she was making sufficient progress toward tenure.

On the record before us, we find that petitioner was not "temporarily present" in the United States for tax years 2008 and 2009.  On that record, we find that the wages petitioner earned as an assistant professor at KSU during tax years 2008 and 2009 are not exempt from tax under article 19 of the Agreement.

We have considered all the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

_____

[7]See supra note 5.

**[\*14]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.